PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Pontiac Grand Prix struck a piece of asphalt that had come out of a hole on Tub Run Hollow Road in B erkeley County. Tub Run Hollow Road, designated as County Route 45/11, is a public road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:30 a.m. on February 23, 2009. The speed limit on County Route 45/11 is fifty-five miles per hour. At the time of the incident, Mr. Omdorff was driving his granddaughter to Back Creek Elementary School. Mr. Orndorff was driving at between thirty and thirty-five miles per hour when the vehicle struck a piece of asphalt that had come out of a hole. The piece of asphalt was approximately four inches thick. Mr. Orndorff testified that the road had deteriorated and was covered with holes and alligator cracking. He stated that the road had been in poor condition for approximately one month prior to this incident. Although Mr. Omdorff was aware of the condition of the road, he did not report its condition to respondent prior to this incident. As a result of this incident, claimants’ vehicle sustained damage in the amount of $1,631.70. Since claimants’ insurance deductible was $500.00, claimants’ recovery is limited to that amount.
The position of respondent is that it did not have actual or constmctive notice of the condition on County Route 45/11. Respondent did not present a witness at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constmctive notice of the defect and areasonahle time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constmctive notice of the conditions of County Route 45/11 which caused the damages to claimants’ vehicle and that the deteriorated condition of the road *84 presented a hazard to the traveling public. Since the road was in disrepair at the time of this incident, the Court finds respondent negligent. Thus, claimants may make a recovery for the damage to their vehicle. Notwithstanding the negligence of respondent, the Court is also of the opinion that Mr. Orndorff was negligent in his operation of the vehicle. Mr. Orndorff was aware that this stretch of road had holes and alligator cracking, yet he failed to further reduce his speed due to the road conditions. In West Virginia, the negligence of a claimant can reduce or bar recovery in a claim. Based on the above, the Court finds that the negligence of claimant equals thirty-percent (30%) of claimants’ loss. Thus, claimants may recover seventy-percent (7 0%) of the loss sustained, which in this case is limited to the extent of the deductible feature on their collision insurance.
It is the opinion of the Court of Claims that the claimants should be awarded the sum of $350.00.
Award of $350.00.